IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RUSSELL WAYNE BULLOCK,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN GOOTKIN and JIM SALMONSEN,<br><br>Defendants. | CV 22-92-H-BMM-KLD<br><br><br>ORDER |

Plaintiff Russell Wayne Bullock filed a 42 U.S.C. § 1983 Complaint alleging violations of his constitutional rights at Montana State Prison ("MSP"). The Court screened his initial Complaint and determined that it failed to state a claim for relief. (Doc. 9.) Bullock was given the opportunity to amend, and after an extension, he filed an Amended Complaint on January 19, 2023. (Doc. 12.) The Amended Complaint does not remedy the deficiencies of his original filing. The case will be dismissed.

Bullock added one defendant, Sgt. Marjama, but otherwise, his claims in the Amended Complaint are essentially the same as in his first and fail for the same reasons the Court outlined in its screening Order. (Doc. 9.) Again, he has failed to allege that any defendant had any knowledge of what was going on with him, such that anyone could have prevented the assaults from occurring. He asserts that

1

Warden Salmonsen "refused to contact [him] in any way to see if [he] needed any help medically or counseling" after the assaults. (Doc. 12 at 4.) Salmonsen had no constitutional obligation to contact Bullock. Bullock's allegations against Gootkin are even more attenuated, since he is only "sure he was made aware also," after the fact. (Doc. 12 at 4.)

Bullock also alleges that he was moved away from Montana State Prison one week after "this incident," by which he may mean when he finally threatened the perpetrator and was moved away from him. Bullock's new allegations against Sgt. Marjama are similarly insufficient. He claims that Marjama placed Bullock with Concepcion without checking to see if they were "compatible." Bullock's bare allegation fails to state a constitutional claim. (Doc. 12 at 5.) Finally, Bullock's claims are barred by the statute of limitations, which had expired before he filed his original Complaint.

Bullock has again sought relief against inmate Pedro Concepcion, who, taking Bullock's allegations as true, is the culpable party. A 42 U.S.C. § 1983 lawsuit is not the mechanism, however, to pursue damages against a private individual for a crime.

The Court has screened Bullock's Amended Complaint and determined that it fails to state a claim upon which relief may be granted. Accordingly, the Court issues the following:

# ORDER

1.  Bullock's Amended Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment according to Fed. R. Civ. P. 58.

2.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Amended Complaint filed in this case lacks arguable substance in law or fact.

3.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Bullock's filing of this action counts as one strike against him.

DATED this 1st day of March, 2023.

_____
Brian Morris, Chief District Judge
United States District Court